USCA1 Opinion

 

 April 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1868 TEDDY LEON-AYALA, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Teddy Leon-Ayala on brief pro se. ________________ Guillermo Gil, United States Attorney, Jose A. Quiles Espinosa, _____________ _______________________ Senior Litigation Counsel, and Warren Vazquez, Assistant U.S. _______________ Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Petitioner challenges the denial of a __________ motion under 28 U.S.C. 2255 to vacate or correct his sentence. We affirm. Petitioner was convicted by a jury, along with his codefendants, of conspiring to possess, and possession of, cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1), 846. A charge of use of a firearm in relation to a drug offense under 21 U.S.C. 924(c)(1), was dismissed by the court for insufficient evidence, and a judgment of acquittal entered thereon under Fed. R. Crim. P. 29. Petitioner's conviction and sentence (to 95 months' imprisonment) were affirmed on appeal. United States v. _____________ Torres-Maldonado, 14 F.3d 95, 99, 103-05 (1st Cir.), cert. ________________ _____ denied, 115 S. Ct. 193 (1994). ______ The focus of petitioner's 2255 attack is a two level enhancement of his sentence for possession of a firearm in connection with a drug offense under U.S.S.G.  2D1.1(b)(1). (1) He argues that his counsel rendered ineffective assistance by failing to object, or failing to support an objection, to the sentencing increase in light of his acquittal of the firearms charge under 18 U.S.C.  924(c)(1). The claim is belied by the record which shows that counsel made a detailed objection at the sentencing hearing, supported by reasoned argument. The sentencing enhancement was imposed over this objection because the court -2- found the facts sufficient to satisfy the lesser burden of proof required for the enhancement, in that petitioner could have reasonably foreseen his accomplice's possession of a weapon, and there was sufficient evidence connecting the drug offenses to weapons found at the scene. As to counsel's failure to renew the objection on appeal, petitioner offers no reason to suspect that this was other than a deliberate strategic decision, nor that he reasonably could have expected to succeed in an appellate challenge to the trial court's fact-based determination. See United States v. Vega- ___ _____________ _____ Encarnacion, 914 F.2d 20, 24 (1st Cir. 1990) (explaining that ___________ a sentencing court's assessment of the factual record will be set aside only if "clearly erroneous"), cert. denied, 499 _____________ U.S. 977 (1991); see also Lema v. United States, 987 F.2d 48, ________ ____ _____________ 51 (1st Cir. 1993) (explaining elements needed to sustain a claim of ineffective assistance of counsel). We thus see no "clear error" in the district court's rejection of petitioner's ineffective assistance of counsel claim on the basis of the record facts. See id. at 53. ___ ___ (2) Petitioner argues that because two co- defendants won reversals on appeal of their firearms convictions under 18 U.S.C. 924(c)(1), the sentence enhancement petitioner received "as a result of their _____ convictions in the district court should be vacated." -3- Apprehending no basis for the connection petitioner has drawn, we reject this contention.  (3) Petitioner argues in a supplement to his brief that the sentence enhancement should be set aside in light of the Supreme Court's decision in Bailey v. United ______ ______ States, 116 S. Ct. 501 (1995), decided during the pendency of ______ this appeal. We need not decide whether Bailey retroactively ______ applies to this collateral proceeding, because the decision does not support, but undermines petitioner's argument. In Bailey the Court defined the word "use" in 18 U.S.C.  ______ 924(c)(1), as requiring proof of "active employment" of the weapon to sustain a conviction. Id. at 505, 508. The Court ___ expressly distinguished the statutory term "use" from the passive "possession" of a weapon which may trigger a sentence enhancement under U.S.S.G. 2D1.1(b)(1). Id. at 508; see ___ ___ also United States v. Gary, 74 F.3d 304, 317 n.11 (1st Cir. ____ _____________ ____ 1996) (explaining that Bailey recognizes that the sentencing ______ guidelines may provide enhancements based on mere possession). Lastly, the district court did not err in disposing of this motion without an evidentiary hearing as petitioner offered no reason it could not be fairly and effectively "heard" on the papers. See United States v. McGill, 11 F.3d ___ _____________ ______ 223, 225-26 (1st Cir. 1993). Affirmed. ________ -4-